[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 43
Honorable John E. Casey Prosecuting Attorney Linn County 116 North Main Brookfield, Missouri 64628
Dear Mr. Casey:
This is in response to your request for an opinion from this office as follows:
 "Can a member of the Board of Directors of the Linn County Ambulance District be hired as an employee of the corporation or individual that receives the contract from the Linn County Ambulance District to operate and maintain the ambulances in Linn County?
 "The initial Board of Directors to the Linn County Ambulance District were recently elected and one of those elected was Wes Rhodes. Presently Wes Rhodes is a licensed ambulance operator and attendant operating the ambulance service in Linn County. I understand that technically he is an employee of a not for profit corporation that actually runs the ambulance service at this time. Naturally when the Linn County Ambulance District is completely set up they will then be responsible for the ambulance service in Linn County. Mr. Rhodes has expressed an interest in continuing to operate an ambulance and at the same time remain on the Board of Directors of the Linn County Ambulance District. If he does operate an ambulance it would in all likelihood be as an employee of a corporation or individual that is operating under a contract with the Linn County Ambulance District Board of Directors and who, pursuant to the terms of said contract, would be responsible for providing ambulance service to all Linn Countians."
Section 190.010, RSMo Supp. 1975, provides that an ambulance district may be created, incorporated, and managed as provided in Sections 190.005 to 190.085 and may exercise the powers therein granted or necessarily implied.
Section 190.055, RSMo Supp. 1975, provides that the board of directors of a district shall possess and exercise all of its legislative and executive powers.
Section 190.060, RSMo Supp. 1975, provides an ambulance district shall have and exercise the following governmental powers, and all other powers incidental, necessary, convenient, or desirable to carry out and effectuate the express powers. Some of the powers designated are included as follows:
 "(3) To operate, maintain and manage the ambulance, and to make and enter into contracts for the use, operation or management of and to provide rules and regulations for the operation, management or use of the ambulance service;
* * *
 "(6) To employ or enter into contracts for the employment of any person, firm, or corporation, and for professional services, necessary or desirable for the accomplishment of the objects of the district or the proper administration, management, protection or control of its property; . . ."
Section 105.490, RSMo 1969, provides:
 "1. No officer or employee of an agency shall transact any business in his official capacity with any business entity of which he is an officer, agent or member or in which he owns a substantial interest; nor shall he make any personal investments in any enterprise which will create a substantial conflict between his private interest and the public interest; nor shall he or any firm or business entity of which he is an officer, agent or member, or the owner of substantial interest, sell any goods or services to any business entity which is licensed by or regulated in any manner by the agency in which the officer or employee serves.
 "2. Any person who violates the provisions of this section shall be adjudged guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than five hundred dollars or by confinement for not more than one year, or both."
Section 105.495, RSMo 1969, provides:
 "No officer or employee of an agency shall enter into any private business transaction with any person or entity that has a matter pending or to be pending upon which the officer or employee is or will be called upon to render a decision or pass judgment. If any officer or employee is already engaged in the business transaction at the time that a matter arises, he shall be disqualified from rendering any decision or passing any judgment upon the same. Any person who violates the provisions of this section shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than five hundred dollars or confinement for not more than one year, or both."
Section 105.450, RSMo 1969, provides in part:
 "As used in sections 105.450 to 105.495, unless the context clearly requires otherwise, the following terms have the meanings indicated:
 (1) `Agency', any department, office, board, commission, bureau, institution or any other agency, except the legislative and judicial branches, of the state or any political subdivision thereof including counties, cities, towns, villages, school, road, drainage, sewer, levee and other special purpose districts;
 (2) `Business entity', a corporation, association, firm, partnership, proprietorship, or business entity of any kind or character;
* * *
 (4) `Substantial interest', ownership by the individual, or his spouse, directly or indirectly, of ten percent or more of any business entity, or of an interest having a value of ten thousand dollars or more, or the receipt by an individual or his spouse of a salary, gratuity, or other compensation or remuneration of six thousand dollars, or more, per year from any individual, partnership, organization, or association;"
We enclose a copy of our Opinion No. 428, December 1, 1966, to Lawson, which is self-explanatory and which we believe answers your question.
It is our view that the ambulance district is an "agency" as defined in Section 105.450. Under Section 105.490 a member of the board of directors of such an ambulance district is prohibited from transacting ". . . any business in his official capacity with any business entity of which he is an officer, agent or member or in which he owns a substantial interest; . . ." The question of whether or not a board member who is an employee of such a "business entity" would have a conflict of interest under Section 105.490 depends upon the amount of compensation which he receives and whether or not such compensation constitutes a "substantial interest." If the board member is an officer or agent or agent of the "business entity," he is within the prohibition of Section 105.490 regardless of the amount of compensation.
Therefore, whether or not Section 105.490 is violated obviously depends entirely upon the precise facts.
Likewise, an interpretation of Section 105.495 depends upon the question of whether or not the officer or employee of the "agency" is already engaged in the business transaction at the time the official matter arises upon which he is or will be called upon to render a decision or to pass judgment.
The statute clearly states that if the officer is already engaged in the business transaction at the time the matter arises, he shall be disqualified from rendering any decision or passing any judgment upon the same, but it does not prohibit him from holding such office. Of course, under Section 105.495, a director of an ambulance district may not become an employee of a business entity holding a contract with the ambulance district during the contract term.
If, however, a prohibited relationship exists under Section 105.490, there is no need to look to the prohibitions or provisions of Section 105.495. Depending upon the precise factual situation, Section 105.490 may prohibit any such business transaction even though the person is already employed before he becomes a director.
CONCLUSION
It is the opinion of this office that a member of the board of directors of an ambulance district organized under Sections190.010, et seq., RSMo Supp. 1975, is prohibited under Section 105.490, RSMo, from transacting business in his official capacity with an ambulance service of which he is an officer, agent, or member or in which he owns a substantial interest.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 428 Lawson, 12-1-66